UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COURTNIE CLEMENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-01432-SEB-MJD |
| | ) |
| STERICYCLE, INC., | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on a *Motion for Conditional Certification and Notice to Potential Plaintiffs* filed by Plaintiff Courtnie Clemens ("Clemens") on behalf of herself and all others similarly situated. [Dkt. 16.] Clemens brought this action against Defendant, Stericycle, Inc. ("Stericycle") for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. On December 31, 2015, District Judge Sarah Evans Barker designated the undersigned Magistrate Judge to issue a report and recommendation on the Motion pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 28.] For the reasons set forth below, Magistrate Judge recommends the Court **GRANT IN PART** and **DENY IN PART** Plaintiff's Motion.

**I.   Background Facts**

Stericycle assists client companies with regulatory compliance. The "Expert Solutions" division, based in Indianapolis, focuses on planning and implementing recalls, such as a recall of a defective part in the automotive industry. Clemens was employed first as a Customer Support Representative and later as a Client Manager in the Expert Solutions division. She commenced employment in June 2013 and was laid off on March 25, 2015.

1

As a Customer Support Representative, Clemens was paid an hourly rate for time spent working while logged into Stericycle's computerized time tracking system. Clemens asserts Stericycle required Customer Support Representatives to take their laptop computers home each day. As a result, Clemens had to shut down and pack up her laptop after logging out of Stericycle's time tracking system. If Clemens was called upon to work from home, she was required to unpack and set up her laptop, as well as later pack it away again. Clemens asserts she spent an average of 15 minutes each time she was required to go through the process of either unpacking and logging in, or logging out and packing up her laptop, and was not compensated for this time in violation of the overtime provisions of the FLSA.

As a Client Manager, Clemens was paid a salary and classified by Stericycle as exempt from the overtime provisions of the FLSA. Clemens asserts Client Managers regularly worked in excess of 40 hours per week, but did not perform duties necessary to be properly classified as an exempt employee. As a result, Clemens argues, Client Managers were denied overtime pay to which they were entitled under the FLSA.

Clemens now seeks conditional certification for the classes of Client Support Representatives and Client Managers to pursue these FLSA claims as a collective action and authorize Notice to potential plaintiffs.

## II. Legal Standards

The FLSA provides that an action for unpaid minimum wages or unpaid overtime compensation may be brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). A collective action under the FLSA differs significantly from a class action brought pursuant to Federal Rule of Civil Procedure 23. *Moss v. Putnam Cnty. Hosp.,* No. 2:10–cv–00028–JMS–WGH, 2010 WL

2985301, *1 (S.D. Ind. July 21, 2010). The primary difference is that plaintiffs who wish to be included in a collective action must affirmatively opt-in by filing a written consent with the court, while members of a Rule 23 class action are automatically included unless they affirmatively opt-out. *Alvarez v. City of Chi.,* 605 F.3d 445, 448 (7th Cir.2010). Rule 23 and its standards governing class certification do not apply to a collective action brought under the FLSA. *Moss,* 2010 WL 2985301 at *1–2. Therefore, no showing of numerosity, typicality, commonality and representativeness needs to be made. *Brickel v. Bradford–Scott Data Corp.,* No. 1:09–CV–58, 2010 WL 145348, at *1 (N.D. Ind. Jan. 11, 2010).

### III.   Discussion

In order to decide whether to conditionally certify a collective action, the Court must initially determine whether members of the proposed class are similarly situated to the class representative, Ms. Clemens. *Campbell v. Advantage Sales & Mktg., LLC,* No. 1:09–cv–1430–LJM–DML, 2010 WL 3326752, *3–4 (S.D. Ind. Aug 24, 2010). Courts in this Circuit typically follow a two-step inquiry. In the first step, also known as the notice stage, the court analyzes the pleadings and affidavits that have been submitted to determine whether notice should be given to the putative class members. *Hawkins v. Alorica, Inc.,* 287 F.R.D. 431, 438–39 (S.D. Ind. 2012) (citing *Campbell,* 2010 WL 3326752 at *3); *see also Fravel v. Cnty. of Lake,* No. 2:07–CV–253, 2008 WL 2704744, at *2–3 (N.D. Ind. July 7, 2008) ("Conditional certification ... is an initial determination that simply allows for putative class members to be identified and notified of their opportunity to opt-in.") (internal quotations omitted). After conditional certification, notices are issued and go to the conditionally certified collective action members. The action proceeds as a representative action throughout discovery, and near the end of discovery, the court makes a factual determination of whether the plaintiffs are similarly situated. *Fravel,* 2008 WL 2704744

at *3. This first step does not impose a high burden on the plaintiff, who is only required to make a "modest factual showing" that the class members were "victims of a common policy or plan that violated the law." *Id.; Wiyakaska v. Ross Gage, Inc.,* No. 1:10–CV–1664-LJM-DKL, 2011 WL 4537010, at *2 (S.D. Ind. Sept.28, 2011). At this stage, the court must accept as true the plaintiff's allegations and does not reach the merits of the plaintiff's FLSA claims. *Fravel,* 2008 WL 2704744 at *2.[1]

The FLSA does not define "similarly situated" or instruct judges when they should exercise their discretion and authorize notice to potential plaintiffs. However, district courts within this Circuit have held that being similarly situated does not require identical positions of the putative class members; instead, it requires that common questions predominate among the members of the class. *Campbell,* 2010 WL 3326752 at *3–4 (citing cases).

## A. Conditional Certification

As Clemens filed her motion for conditional certification prior to discovery, she must only make a modest showing that she is similarly situated to the proposed plaintiffs. Clemens proposes a class comprised of Client Support Representatives and Client Managers (positions she held) employed by Stericycle at its Indianapolis location. To obtain initial collective action certification, Clemens must show that multiple potential class members were subject to the same illegal practice that she was and that these potential class members performed similar job duties as Clemens. *See Campbell*, 2010 WL 3326752 at *4. This "modest factual showing" is not a high burden and evidence for the showing need not be admissible at trial. *Id*.

---

[1] The second step of the inquiry occurs after discovery has largely been completed and involves a more stringent analysis of the potential plaintiffs. Since Ms. Clemens filed her motion for conditional certification of the proposed collective action prior to engaging in discovery, only the first step of the inquiry is applicable here.

Clemens cites her supporting declaration, which alleges that she worked for Stericycle in each of the proposed class positions; she is familiar with the job duties and requirements of the positions based upon her experiences and conversations with others in the positions; and that Stericycle utilizes a compensation scheme that allegedly violates the FLSA. Stericycle argues the "bare allegations" in Clemens' declaration are insufficient evidence upon which to base conditional certification. [Dkt. 23 at 6.] Stericycle cites two cases from courts in this district in support of its contention; however this Court is not persuaded by either.

In *Lallathin v. Ro, Inc.*, the plaintiff relied on a declaration in support of his conditional certification motion. No. 1:09-cv-1293-WTL-DML, 2010 WL 2640271 (S.D. Ind. June 28, 2010). In denying the motion, the court noted that the plaintiff's allegation that he believed his job duties were similar to other store managers based only upon conversations with them was insufficient evidence even at the notice stage. Stericycle argues Clemens' declaration is similarly deficient. The Court disagrees. Unlike in *Lallathin* where the proposed class members were store managers at other locations, Clemens actually worked alongside the Customer Support Representatives and Client Managers at the same location. She understood their job duties based upon experience, not just conversation with them. Therefore, her declaration constitutes the "actual evidence" the court found to be lacking in *Lallathin*.

Stericycle likewise cites *Streeter-Dougan v. Kirkson Mortgage Lending, LLC*, where the court found plaintiff's references to conversations with loan officers were an insufficient basis on which to claim she was similarly situated to them. No. 3:13-cv-00166-RLY-WGH, 2013 WL 6174936 (S.D. Ind. Nov. 21, 2013). In that case, however, plaintiff sought conditional certification of a class of loan processors (the job she held) *and* loan officers (a job she had never held). The court found plaintiff's declaration provided no reasonable basis to believe plaintiff

was similarly situated to the loan officers and denied her motion. Again, these facts differ significantly from the facts in this action. Here, Clemens seeks conditional certification for Customer Support Representatives and Client Managers, each of which positions she held with Stericycle. Clemens' personal knowledge of the job duties associated with these positions, and the alleged FLSA violations, satisfies the minimal burden of showing she is similarly situated to the members of the collective action she wishes to represent. Therefore, the Court finds conditional certification at this initial stage is appropriate.

### B. Proposed Notice of Collective Action

Clemens also seeks the Court's approval of a proposed *Notice of Collective Action Lawsuit* and *Consent to Become a Party Plaintiff* form. [Dkt. Nos. 17-2 and 17-3.] Stericycle asserted objections to both documents. On reply, Clemens revised the proposed *Notice of Collective Action* to reflect several of Stericycle's proposed changes, including separating the two collective classes into two Notices. [Dkt. Nos. 27-2 and 27-3.] The Court will address the remaining disputed issues below.

*1. Introduction/Description of Lawsuit*

Stericycle asserts these sections are unduly prejudicial to it as written in the first draft. Stericycle revised the sections, removing some detail and adding the following sentences: "Defendant denies Plaintiff's allegations and has filed its Answer in response to Plaintiff's allegations. Defendant denies any wrongdoing in this matter. The Court has not made any determination at this time as to the merits of the case."

Clemens added the above sentences to the revised Notices, however maintained the detail concerning the lawsuit. The Court finds the minimal detail of these sections in the revised Notices provide a better description of the claims and does not prejudice Stericycle.

*2. Three-Year Time Period*

Stericycle asserts the FLSA sets the limitation period to two years in cases where the violation is not willful. *See* 29 U.S.C. § 255(a) (providing for three-year statute of limitations only for willful violations). As Clemens has presented no evidence to support extending the limitations period to three years, Stericycle argues the Notice should reflect the two year limitation. The Court notes, however, that Clemens is seeking conditional certification *prior* to engaging in discovery. Therefore, it is appropriate to use the three-year limitation at this initial stage. If, after discovery, Stericycle believes Clemens cannot establish a willful violation, it may seek to decertify or amend the limitations period for the collective action.

*3. Participation in the Lawsuit*

As with the introductory sections, Stericycle also objects to this section as unduly prejudicial and seeks to add language to notify potential class members that they may not have a valid claim or be entitled to any recovery. The Court finds Stericycle's suggested revisions are redundant to the language Clemens agreed to add in the introductory paragraphs ("Defendant denies Plaintiff's allegations and has filed its Answer in response to Plaintiff's allegations. Defendant denies any wrongdoing in this matter. The Court has not made any determination at this time as to the merits of the case.") In light of this revision to the introductory paragraphs, Stericycle's proposed revisions here are unnecessary.

*4. Effect of Joining This Lawsuit*

Here, Stericycle asserts the proposed Notice fails to provide an accurate understanding of the consequences of opting into this collective action. Specifically, Stericycle argues the Notice should include language to notify potential plaintiffs that should Stericycle prevail, the individual plaintiffs may be personally liable for costs incurred by Stericycle. Stericycle further asserts the

7

Notice should reflect that opt-in plaintiffs will be obligated to participate in discovery, including any written discovery and potentially be required to appear for deposition and trial. Clemens objects to this language as being "expressly designed to dissuade eligible employees from opting into this lawsuit." [Dkt. 27 at 14.]

The Court finds it reasonable to include language notifying potential plaintiffs of their discovery obligations. Therefore, Clemens shall add the following sentence to *Section V. Effect of Joining This Lawsuit*: "If you consent to join this lawsuit, you may be required to produce documents, respond to written questions, testify in a deposition, or testify at trial in Indianapolis, Indiana."

The Court does not believe it necessary to include the remaining language sought by Stericycle in this section.

   *5. Further Information*

This section of the Notices direct potential plaintiffs to contact Plaintiff's counsel for further information about the lawsuit. Stericycle objects to the language as "a solicitation by Plaintiff's counsel" and asserts that it "has a right to voice its position regarding the lawsuit and to answer any questions from putative collective members as well." [Dkt. 23 at 14-15.] Clemens declined to add Stericycle's counsel's contact information to the revised Notices because "no purpose is served by directing potential plaintiffs in a collective action to Defendant's counsel." [Dkt. 27 at 14.] The Court finds providing contact information for Plaintiff's counsel is sufficient abd further finds it is unnecessary to include Defendant's counsel's contact information in the notice.

*6. Proposed Consent*

Stericycle also poses multiple objections to the proposed *Consent to Become Party Plaintiff* form, some of which involve issues similar to those addressed above. Rather than re-writing the Consent, the Court orders the parties to meet and confer and attempt to revise the Consent consistent with the Court's Order.

## IV. Conclusion

Based on the foregoing, the Magistrate Judge recommends the Court **GRANT IN PART** and **DENY IN PART** Plaintiff's *Motion for Conditional Certification and Notice to Potential Plaintiffs.* [Dkt. 16.]

On or before **February 22, 2016**, the parties shall jointly submit *Revised Notices of Collective Action* and *Consent to Become a Party Plaintiff* forms consistent with this order. The Court ORDERS Stericycle to produce to Plaintiff's counsel, on or before **February 24, 2016**, the names and home addresses of all potential members of both collective classes for the period three years prior to the date of this order. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 17 FEB 2016

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Philip J. Gibbons, Jr.
GIBBONS LEGAL GROUP, P.C.
phil@gibbonslegalgroup.com

Robert J. Hunt
GIBBONS LEGAL GROUP, PC
rob@gibbonslegalgroup.com

Danuta Bembenista Panich
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
donna.panich@ODNSS.com

Michelle R. Maslowski
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
michelle.maslowski@ogletreedeakins.com