## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Plaintiff Courtnie Clemens ("Clemens"), individually and on behalf of all other persons who have filed a Consent to Become Party Plaintiff form (the "Opt-in Plaintiffs") in the Lawsuit, as defined below (Clemens and the Opt-in Plaintiffs are collectively referred to herein as the "Plaintiffs"), and Stericycle, Inc. ("Stericycle"). Plaintiffs and Stericycle are sometimes referred to hereinafter as the "Parties."

## RECITALS

WHEREAS, on September 10, 2015, Clemens filed a Complaint with the Southern District of Indiana, Indianapolis Division, alleging violations of the Fair Labor Standards Act, Case No. 1:15-cv-01432-SEB-MJD, on behalf of herself and other similarly-situated employees of Stericycle, and alleging a violation of Indiana Code §§22-2-9 *et. seq.*, on behalf of Clemens individually (the "Lawsuit");

WHEREAS, the purpose of this Agreement is to settle fully and finally the Lawsuit and any and all claims and disputes between Plaintiffs and Stericycle with respect to any wage and hour related matters, as well as any and all employment related matters between Clemens and Stericycle;

WHEREAS, Stericycle denies all of the allegations made by Plaintiffs, and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted or which could have been asserted in the Lawsuit and otherwise;

WHEREAS, without admitting or conceding any liability or damages whatsoever and without admitting that any pay and/or overtime amounts improperly were withheld from any employees, the Parties have agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

WHEREAS, Plaintiffs' legal counsel has analyzed and evaluated the merits of the claims made against Stericycle, and the impact of this Agreement on Plaintiffs, and based upon Plaintiffs' legal counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Lawsuit, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and/or that would not occur for several years, Plaintiffs' legal counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of Plaintiffs.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Lawsuit on the following terms and conditions:


EXHIBIT 2

1.  **Consideration**

    A.    In consideration for the promises and agreements made in this Agreement, Stericycle shall pay Plaintiffs and their legal counsel the gross sum of Fifty Thousand Dollars ($50,000.00), for all damages, inclusive of attorneys' fees, liquidated damages and costs. Said gross sum shall be allocated as follows:

        (1)  **Payments to Plaintiffs:** Stericycle shall pay Plaintiffs the gross sum of Twenty Three Thousand Seven Hundred Nine Dollars and 23/100 ($23,709.23), to be apportioned as set forth in the schedule attached hereto as Schedule A. For income and payroll tax purposes, the Parties agree that fifty percent (50%) of each Plaintiff's payment shall be allocated as wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and the remaining fifty percent (50%) of each payment shall be allocated as liquidated damages (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law).

        (2)  **Payment to Clemens for Settlement of her I.C. § 22-2-9 *et. seq.* Claim:** In addition to the amount set forth in Schedule A, Stericycle shall pay Courtnie Clemens the gross sum of Five Thousand Seven Hundred and Eighty-One and 48/100 ($5,781.48), with $1,927.16 allocated as wages and $3,854.32 allocated as damages resulting from her alleged I.C. § 22-2-9 *et. seq.* claim.

        (3)  **Attorneys' Fees and Costs:** Stericycle shall pay Plaintiffs' counsel attorneys' fees and costs in the amount of Twenty Thousand Five Hundred Nine Dollars and 29/100 ($20,509.29), which constitutes payment of Plaintiffs' attorneys' fees and costs for the Lawsuit and therefore within the definition of 26 U.S.C. § 62(e) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code. This sum shall be paid without any deduction for taxes or other withholdings and reported as "other income" on IRS Form 1099-MISC (Box 3) as to Plaintiffs and on IRS Form 1099-MISC (Box 7) as to Plaintiffs' counsel. Plaintiffs' counsel shall provide Stericycle with an executed IRS W-9 form reflecting its tax identification number.

    B.    With respect to any payments received by any of Plaintiffs and Plaintiffs' legal counsel hereunder that are deemed or hereby agreed by the Parties not to be wage or payroll income (i.e. so-called "1099 income"), Plaintiffs and Plaintiff's legal counsel, as the case may be, agree to and shall be solely responsible for payment of income taxes related thereto, and hereby agree to indemnify and hold harmless Stericycle from and against any claims or liabilities, including attorney fees, incurred by Stericycle with respect to income tax liabilities for such 1099 income.

    C.    Clemens acknowledges and agrees that each individual Opt-In Plaintiff is required to sign and return a Claim Form and Release to be eligible to receive his/her share of the settlement proceeds. A copy of the Claim Form and Release is attached hereto as Exhibit 1.

D. All payments pursuant to this Paragraph 1 shall be made no later than fifteen (15) business day after the Effective Date of the Settlement, provided that Stericycle may withhold payments intended for individual Opt-In Plaintiffs until such time as it has received a Claim Form and Release executed by such Opt-In Plaintiff.

E. If an individual Opt-In Plaintiff does not sign and deliver to Stericycle a Claim Form and Release within ninety (90) days of the Effective Date of the Settlement, any sums allocated to said Opt-In Plaintiff in Schedule A shall revert to Stericycle without affecting the remainder of this Agreement or the Claim Form and Releases executed by other Opt-In Plaintiffs.

2. **Order of Dismissal with Prejudice**

Upon approval of the Settlement and execution of this Agreement, Clemens and Stericycle will present to the Court for signature and filing an Order of Dismissal with Prejudice.

3. **Release and Covenant Not to Sue**

Plaintiffs, including their heirs, assigns and estates, agree that they shall irrevocably and unconditionally release, acquit and forever discharge Stericycle, and all of its current, future, and former parents, subsidiaries, companies, divisions, affiliates, owners, shareholders, members, directors, officers, employees, attorneys, insurers, benefit plans, and the predecessors, successors, and assigns of each of them, in their individual, corporate or official capacities (collectively, "Releasees") with respect to any wage and hour claims under federal law relating to their employment or the provision of services with, to or for Stericycle, including without limitation, the failure to pay overtime, minimum wages, interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under federal wage and hour laws, including, but not limited to the Fair Labor Standards Act.

Clemens also agrees that she shall irrevocably and unconditionally release, acquit and forever discharge the Releasees with respect to any claims under state or federal law relating to any matter of employment or the provision of services with, to or for the Releasees, including without limitation,

    i. all Claims that were or could have been asserted by Clemens in the Lawsuit;

    ii. all Claims that relate in any way to Clemens's employment with the Releasees, the terms and conditions of Clemens's employment, the cessation of Clemens's employment, and any actions and/or omissions after the cessation of Clemens's employment prior to the Effective Date of this Agreement;

iii. all Claims asserted by any other employee of Releasees in which Clemens has claimed or could claim any interest;

iv. all Claims, whether in tort, contract, by statute, or on any other basis, whether in law or in equity, whether civil, criminal, or administrative, whether known or unknown, for damages or monies owed by Releasees, including compensatory damages, emotional distress damages, pain and suffering, physical injury damages, punitive damages, liquidated damages, attorneys' fees, costs, and interest, including all claims for back pay, front pay, overtime pay, severance pay, notice pay, health benefits, disability benefits, workers compensation benefits, retirement benefits, all other benefits, vacation pay, holiday pay, sick pay, commissions, bonuses, relocation expenses, loans, expense reimbursements, benefits due under any collective bargaining agreement, or other monies due;

v. all rights and Claims under the following laws, as amended: the Age Discrimination in Employment Act; Section 1981 of the Civil Rights Act of 1866; Title VII of the Civil Rights Act; the Americans with Disabilities Act; the Federal Family and Medical Leave Act; the Worker Adjustment and Retraining Notification Act; the National Labor Relations Act; the Labor Management Relations Act; the Fair Credit Reporting Act; the Employee Retirement Income Security Act of 1974; the Genetic Information Nondiscrimination Act of 2008; the Health Insurance Portability and Accountability Act; the Occupational and Safety Health Act; the Equal Pay Act; the Uniformed Services Employment and Re-employment Act; Executive Orders 11246 and 11141; the False Claims Act (including the qui tam provision thereof); the Consolidated Omnibus Budget Reconciliation Act of 1986; the Rehabilitation Act of 1973; the Sarbanes-Oxley Act; The Dodd-Frank Wall Street Reform and Consumer Protection Act; the Electronic Communications Privacy Act of 1986 (including the Stored Communications Act), all to the maximum extent permitted by law;

vi. all rights and Claims under any state statutes, including but not limited to the Indiana Civil Rights Act and the Indiana State Wage Payment Act, and the Indiana State Wage Claims Act;

vii. all rights and Claims under any other federal, state or local law, regulation or ordinance, including for employment discrimination on any basis, hostile working environment, retaliation, wrongful discharge, retaliatory discharge, constructive discharge, unsafe working conditions, breach of express or implied contract, breach of collective bargaining agreement, breach of implied covenant of good faith and fair dealing, detrimental reliance, promissory estoppel, defamation, negligence, negligent or intentional misrepresentation, invasion of privacy, interference with economic gain or contractual relations, and intentional and negligent infliction of emotional distress or "outrage."

4. **Approval of Settlement.**

   a. Upon full execution of this Agreement and agreement as to the content of the attached Exhibits, the Parties shall submit to the Court a Joint Motion for Approval.

   b. The Parties agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement Agreement, to effectuate all aspects of this Agreement, and to dismiss the Litigation with prejudice after the Effective Date. "Effective Date" means the date on which the Court grants the Parties' Motion for Approval.

   c. The Parties agree that if the Court does not approve any material term in the Agreement, or requires as a condition of approval any term that effects a material change in this Agreement, then this Agreement may be voided by the Party or Parties adversely affected by such material change, provided notice of any decision to void this Agreement is issued to the other Parties within ten (10) days of any such Court ruling. The Parties further agree that (1) Stericycle being required to pay any amount greater than the Gross Settlement Amount, (2) the Releases of Claims set forth in Section 3 being modified or set aside, or (3) Paragraph 8 being set aside would constitute material changes in this Agreement.

   d. If the Court does not approve the Settlement or if the Effective Date does not occur for any reason, the Settlement Agreement shall be null and void and of no further use or effect, and the parties will be returned to their respective positions in the Litigation *nunc pro tunc* as of July 1, 2016, including the posture of the cases vis-à-vis certification under 29 U.S.C. § 216(b), without prejudice to the Plaintiffs' ability to pursue, or Stericycle's ability to oppose, collective treatment under 29 U.S.C. § 216(b). In this event, this Agreement, all information, negotiations and discussions leading to or arising out of those documents, and all information, negotiations, discussions, and pleadings relating to motions for Approval of the Settlement shall not be used as evidence or for any other purpose in any lawsuit against Stericycle alleging any violation of any federal, state or local wage and hour laws.

   e. This Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, common law principle, administrative code, rule or regulation, of any liability or wrongdoing by Stericycle or of the truth (or by the Plaintiffs of the infirmity) of any of the claims or allegations contained in the Litigation and evidence thereof shall

not be discoverable or used directly or indirectly, in any way, whether in the Litigation or in any other action or proceeding. Stericycle does not waive, and instead expressly reserves, its right to challenge the propriety of collective treatment or class certification in the Litigation or otherwise for any purpose as if this Agreement had not been entered into by the Parties, in the event that the Court does not approve the Settlement or if the Effective Date otherwise does not occur. The Parties expressly reserve all of their rights and defenses if the Effective Date does not occur. The provisions of this Agreement may be used by the Parties to enforce the terms of this Agreement but shall not otherwise be used as evidence in any other legal proceeding or for any other purpose whatsoever.

5. **Covenant Not to Sue**

Clemens agrees not to file or initiate a lawsuit in any court or initiate an arbitration proceeding asserting any of the Claims against any of the Releasees. Clemens further agrees that she will not permit herself to be a member of any class in any court or in any arbitration proceeding seeking relief against the Releasees based on claims released by this Agreement, and that even if a court or arbitrator rules that she may not waive a claim released by this Agreement, she will not accept or be entitled to any money damages or other relief in connection with any other action or proceeding asserting any of the Claims against any of the Releasees. Nothing in this Covenant Not to Sue precludes Clemens from contacting any government agency or filing a claim with a government agency, but Clemens agrees that she will not pursue or accept any financial or other remedy as a result of such administrative claim.

6. **No Application or Rehire**

Clemens agrees that she is not currently employed by any of the Releasees. The Parties agree that the future employment or re-employment of Clemens by any of the Releasees is neither practical nor desirable. Therefore, Clemens agrees that she will not apply for or otherwise seek employment with any of the Releasees. In the event Clemens seeks employment, reinstatement, or assignment to work with any of the Releasees, whether by responding to an advertisement or any other form of solicitation or recruitment or otherwise, Clemens agrees that her response, application, assignment, or request for employment shall be deemed null and void, as if never made. In the event that, in contravention of the provisions of this Paragraph, Clemens is assigned to or hired or reinstated as an employee, or retained as a contract worker, by any of the Releasees, Clemens agrees that this Paragraph provides grounds for her immediate termination without any legal recourse.

7. **Non-Admission**

Plaintiffs and Stericycle agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an

admission of any liability or wrongdoing by Stericycle. Plaintiffs and Stericycle further agree that this Agreement shall not be admissible in any proceeding (without the written consent of the Parties or unless ordered by a court of competent jurisdiction), except one instituted by either Party alleging a breach of this Agreement.

8. **Non-solicitation**

Clemens and Plaintiffs' counsel agree that they will not advertise the contents of this Agreement, or make any reference to this Agreement or the contents of this Agreement on any website or social media.

9. **Entire Agreement; Authority and Binding Effect**

Plaintiffs and Stericycle agree that this Agreement sets forth the entire agreement between the Parties and supersedes any prior or contemporaneous written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by Plaintiffs and Stericycle. Clemens hereby represents and warrants that she has full power and authority to execute and deliver this Agreement for and on behalf of each of the Opt-in Plaintiffs. By tendering for approval this Agreement in fully executed form to the court having jurisdiction over the Lawsuit, Plaintiffs' legal counsel represents and agrees that all Opt-in Plaintiffs are and shall be bound by and subject to this Agreement, whether or not the Opt-in Plaintiffs have actually executed this Agreement or any joinder hereto.

10. **No Waiver**

The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions or of the right thereafter to enforce each and every term, covenant and condition of this Agreement.

11. **Counterparts**

This Agreement may be executed in two or more counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument. Signatures to this Agreement may be transmitted by facsimile or telecopy or electronic scan and such signatures shall be deemed legally valid and binding upon the Party transmitting the same and such signatures shall be treated as originals.

12. **Arms-Length Transaction and Materiality of Terms**

The Parties have negotiated all the terms and conditions of this Agreement at arms-length. All terms and conditions of this Agreement in the exact form set forth in this

Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

13. **Captions**

The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

14. **Construction**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

15. **Governing Law**

This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Indiana and the Venue for any actions arising under this Agreement shall be in the United States District Court for the Southern District of Indiana.

16. **Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement other than the release of claims in Paragraph 3 is invalid or legally unenforceable, Plaintiffs and Stericycle agree that the remaining portions shall not be affected and shall be given full force and effect.

      In Witness Whereof, the undersigned Parties have executed and delivered this Settlement Agreement and Release of Claims as of the respective dates set forth by each Party's name below.

| | |
|---|---|
| COURTNIE CLEMENS, for herself and on behalf of all Opt-in Plaintiffs to the Lawsuit | STERICYCLE, INC. |
| BY: _____<br>    Courtnie Clemens | BY:_____ |
| | TITLE:_____ |
| DATE:_____ | DATE:_____ |

**APPROVED AS TO FORM:**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

BY:_____
Danuta B. Panich, Esq.
Michelle R. Maslowski, Esq.

Attorneys for Stericycle, Inc.

GIBBONS LEGAL GROUP, P.C.

BY:_____
Philip Gibbons, Esq.
Robert J. Hunt, Esq.

Attorneys for Plaintiffs

26071188.1

## Exhibit A

### Client Managers

| | |
|---|---|
| Courtnie Clemens | $6,821.05 |
| Courtney Heban | $4,108.78 |
| Lisa Hopman | $300.00 |
| Kathleen Spalding | $300.00 |
| Michael Drain | $300.00 |

### Client Support Representatives

| | |
|---|---|
| Courtnie Clemens | $2,497.32 |
| Henry Sanders | $3,203.67 |
| Danette Davis | $4,779.17 |
| Brian Lawson | $1,099.24 |
| Shimeka Kelly | $300.00 |